UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL MOSBY,
    Petitioner,

v.

GIGI MATTESON,
    Respondent.

Case No. 23-cv-00888-JCS (PR)

**ORDER TO SHOW CAUSE**

Dkt. No. 4

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. On or before **August 21, 2023**, respondent shall file in response to the petition an answer or a dispositive motion.

Petitioner has consented to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c). (Dkt. No. 2.)

Petitioner's motion to proceed *in forma pauperis* is GRANTED. (Dkt. No. 4.)

The Clerk shall terminate all pending motions.

## BACKGROUND

In 2019, a San Mateo County Superior Court jury convicted petitioner of four counts of felony second degree robbery and five counts of false imprisonment. *People v. Mosby*, 2022 WL 632190, at *5 (Cal. Ct. App. Mar. 4, 2022). Various sentencing enhancements were found true. *Id.* A sentence of 50 years to life was imposed. *Id.*

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims (1) there was insufficient evidence to support his bank robbery convictions on an aiding and abetting theory; (2) the trial court violated his due process right to a fair trial when it denied his motion to sever; and (3) the trial court committed a constitutional error by admitting evidence of a pretrial identification. When liberally construed, these claims are cognizable on federal habeas review and shall proceed.

Petitioner's motion to proceed *in forma pauperis* is GRANTED. (Dkt. No. 4.)

## CONCLUSION

1. The Clerk shall serve electronically a copy of this order and a Magistrate Judge jurisdiction consent form upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

2. On or before **August 21, 2023**, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the

United States District Court
Northern District of California

answer is filed.

4. In lieu of an answer, respondent may file, on or before **August 21, 2023**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner has consented to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c). (Dkt. No. 2.)

9. Petitioner's motion to proceed *in forma pauperis* is GRANTED. (Dkt. No. 4.)

10. The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** May 9, 2023

JOSEPH C. SPERO
United States Magistrate Judge